PATTERSON, J.
This is an appeal from an interlocutory-judgment entered on an order sustaining a demurrer to the com *682 plaint herein, the ground of the demurrer being that the com-1 plaint does not state facts sufficient to constitute a cause of .action. The plaintiff seeks, to recover damages for injuries sustained by him while at work as a laborer employed with others by the defendant in making an excavation in one of the public streets of the city of New York. It is averred in the complaint that “on and prior to the 12th day of July, 1895,the plaintiff was employed as stated, and that on that day “the -foreman of the above named defendant directed a driver to hitch , four horses to a stone to pull it out from its place for the- purpose -of making the aforesaid excavation, which the driver did; and this plaintiff was directed by the aforesaid foreman to go behind the stone, and assist the horses in moving the stone; and that this plaintiff, having no knowlege of the extreme danger to his person of lifting behind the stone, obejrnd the direction of the foreman, and took the place assigned to him behind the stone and against the wall of earth, and, when the stone moved, the wall of earth fell -updn this plaintiff, crushing him, etc. The plaintiff “alleges that the place where the plaintiff was put to work was dangerous in the extreme, which danger was known to the defendant and .was unknown to this plaintiff, and that no instruction was given to this plaintiff by the defendant as to the extra danger incurred in obeying the direction of the defendants." Two grounds were assigned by the learned'judge below for sustaining the demurrer: •First, that the plantiff assumed the ordingry risks of his employment, among which was that of being injured in helping to remove the stone for the purpose of excavating — a risk, it is said, that must have been patent to the observation of the plaintiff and of every one else—and that there was no duty owing by the master “ to instruct ” the plaintiff; and, second, that, in any -event, the -defendant is not liable, because the negligence resulting in the injury was that of a fellow servant of the plaintiff, and not of the defendant himself. No fault can be found with the general expression of views of the court below on the abstract rule of lia-, •bility controlling in cases of this kind, and which in all likelihood-may be found to be applicable when the plaintiff’s evidence is all in; but the learned court has disposed of the matter by anticipating what may appear on the trial, but what is not contained, either directly or inferentially, in the complaint. All the allegations of fact being admitted by the demurrer, it stands conceded that the plaintiff was put to work in a dangerous place, or, as the complaint ■charges, a place of extreme danger It is also conceded that the danger was unknown to the plaintiff, and that it was known, not to the foreman only, but to the defendant personally, and that no information of the unsafe character of the place was given to the plaintiff. Therefore the facts are that the defendant, aware that there was a dangerous place at which his servant would be put to work, allows that servant, ignorant of the danger, to go to that place, fails to inform him or notify him in any way of the extreme risk he will run, negligently forbears to caution him in any way,- or to give him an opportunity to decline the service, and the servant is injured in consequence. The allegations are not such asl *683 to make the facts speak for themselves to show that the danger was apparent to any one. It is an inference of the court’s that the work was not of such a kind as to call for “ instruction ” by the employer to his servant. The averment is that the servant was in complete ignorance of the danger, and it cannot be ignored. The allegation as to “instruction ” does not relate to tuition how to work, or how to avoid injury at a dangerous place, as the court ■below evidently interprets it, but instruction in the sense of conveying information so that the plaintiff would have knowledge of the fact that the place he was ordered to work at was one of -danger. The demurrer admits the servant did not know it, and ■hence that he did not see it. The court assumes he must have done so despite the admission by the demurrer that he did not. According to the plaintiff’s statement, he was sent to this, to him unknown place of danger, directed -to do something extremely perilous, he having the right to assume he would be sent to a safe place. That is enough, in connection with the allegation of the defendant’s personal knowledge referred to, to show a failure of duty on the part of the employer “A master owes the duty to his servant of furnishing * * * a safe and proper place in which to prosecute his work, and, when they are needed, the employment of skillful and competent workmen to direct his labor and assist in the performance of his duties.” Pantzar v. Mining Co., 99 N. Y. 372. That is the theory of the plaintiff’s cause of action. Whether it will stand the test of evidence can only be seen on the trial. The court assumed that the work of removing the bowlder was part of the work of excavating, and by so doing brought the case within the ruling in Cullen v. Norton, 126 N. Y. 1; 36 St. Rep. 359. The complaint suggests, although it does not ■distinctly state, tin t it was work preparatory to excavating, and the court’s assumption is scarcely justified by the simple averment that the plaintiff, on and before the day named in the complaint, was employed “ for the purpose of making an excavation in the street.” Nor can it be said that the complaint shows on its face that the accident was caused by the negligence of the fellow servant The facts are not stated as definitely as could be desired, but the meaning of the complaint is that the master himself, knowing the place was dangerous, failed in his duty to the plaintiff by neglecting “to instruct ” him that such was the condition. It charges a direct violation of duty on the master, the whole extent of which cannot be ascertained’ until all the evidence is before the court. As above stated, the error is in disposing of the case on demurrer by assuming what does not now appear oh the face of the pleading, and without giving due effect to the allegations of the complaint, construed, as the law requires, liberally, with a view to substantial justice between the parties.
The interlocutory judgment should be .reversed, and the demurrer overruled, with costs, with liberty to the defendant to withdraw the demurrer and answer on payment of the costs of this appeal and in the court below.
All concur.